UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN CARVER,<br>    Plaintiff<br><br>        v.<br><br>THE BANK OF NEW YORK MELLON, f/k/a<br>THE BANK OF NEW YORK, as trustee for<br>the holders of the Certificates,<br>First Horizon Mortgage Pass-Through<br>Certificates Series FHAMS 2005-FA11,<br>et al.,<br>    Defendants. | C.A. No. 13-10005-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                March 31, 2016

I.   BACKGROUND

In 2005, Steven Carver and Sally J. Carver obtained a mortgage on their Marshfield, Massachusetts home (the "Property"). On June 13, 2012, The Bank of New York Mellon ("BONYM"), as purported holder of the mortgage and note, foreclosed on the Property. On November 19, 2012, the Carvers filed a petition to try title to the Property in Massachusetts Land Court. After multiple amendments, the action was removed to federal court.

The court referred the case to Magistrate Judge Robert Collings for pretrial proceedings. During discovery, Carver moved to compel disclosure of certain documents. On December 10, 2014, the Magistrate Judge issued a Memorandum and Order denying the motion, finding that the requested discovery would not be relevant to any cognizable legal claim. Carver objected to that Order, and

BONYM moved to strike the objection. Carver's objection and the Motion to Strike have not yet been decided.

After discovery was complete, BOYNM moved for summary judgment. The court referred BOYNM's Motion for Summary Judgment, as well its outstanding Motion to Strike, to the Magistrate Judge for a Report and Recommendation. On March 1, 2016, the Magistrate Judge issued the attached report, recommending that (1) BONYM's Motion for Summary Judgment be allowed as to the plaintiff's claims; (2) BONYM's Motion for Summary Judgment be allowed in part and denied in part as to BONYM's counterclaims; and (3) BONYM's Motion to Strike be denied. On March 10, 2016, Carver moved for an extension of time until April 15, 2016, to object to the Report and Recommendation, based in part on his outstanding objection to the Magistrate Judge's denial of discovery.

II. DISCUSSION

The time period for objections to the Report and Recommendation has expired. BONYM has not objected to the Magistrate Judge's recommendation that its Motion to Strike be denied. Nor has it requested additional time to do so. Furthermore, the court finds the Magistrate Judge's analysis of this issue to be thorough, thoughtful, and persuasive. Therefore, the court is adopting the Report and Recommendation to the extent that it recommends denying BONYM's Motion to Strike.

Because it is denying BONYM's Motion to Strike, the court has reviewed the Magistrate Judge's December 10, 2014 Memorandum and Order denying discovery and Carver's objection to that Order. Under Rule 72(a) of the Federal Rules of Civil Procedure, the court "must consider [Carver's] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

The Magistrate Judge denied Carver's motion because the discovery it sought related to claims that were legally barred. The Magistrate Judge found Carver's contention that Mortgage Electronic Registration Systems, Inc. ("MERS") cannot assign its interest in a mortgage to be incorrect as a matter of law. See Dec. 10, 2014 Memorandum and Order at 8-12. He also found that Carver lacked standing to challenge the assignment of his mortgage based on improper execution and non-compliance with securitization documents. See id. at 12-16. Because the discovery Carver sought was not relevant to any cognizable claim, the Magistrate Judge denied his Amended Motion to Compel Discovery. See id. at 17.

The Magistrate Judge's conclusions were not clearly erroneous or contrary to law. Rather, they were correct. As the First Circuit explained in Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282, 291-93 (1st Cir. 2013), MERS may assign the "bare legal title" it holds to a property. Culhane also held that a mortgagee lacks standing to challenge a mortgage assignment unless the assignment is void, rather than voidable. Id. at 291. Improper execution and

3

non-compliance with trust documents merely render an assignment voidable. See Wilson v. HSBC Mortgage Servs., Inc., 744 F.3d 1, 12 (1st Cir. 2014); Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354 (1st Cir. 2013). Therefore, the Magistrate Judge properly denied Carver's motion.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The Magistrate Judge's Report and Recommendation (Docket No. 114) is ADOPTED and INCORPORATED pursuant to 28 U.S.C. §636 to the extent that it recommends denying The Bank of New York Mellon's Motion to Strike. For the reasons stated in the Report and Recommendation, The Bank of New York Mellon's Motion to Strike (Docket No. 85) is DENIED.

2. For the reasons stated in this Memorandum and Order, Carver's Objection to the Magistrate Judge's December 10, 2014 Memorandum and Order (Docket No. 84) is DENIED.

3. Carver's Motion for Extension of Time to April 15, 2016 to File Objections to Report and Recommendation is ALLOWED. Any responses to objections shall be filed by April 29, 2016.



UNITED STATES DISTRICT JUDGE