UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN CARVER,<br>    Plaintiff<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON, f/k/a<br>THE BANK OF NEW YORK, as Trustee for<br>the Holders of the Certificates,<br>First Horizon Mortgage Pass-Through<br>Certificates Series FHAMS 2005-FA11,<br>by First Horizon Home Loans, a<br>Division of First Tennessee Bank<br>National Association, Master<br>Servicer, it its Capacity as Agent<br>for the Trustee Under Pooling and<br>Service Agreement,<br>    Defendant. | C.A. No. 13-10005-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                September 28, 2016

I.  INTRODUCTION

On September 8, 2016, the court granted summary judgment in favor of defendant Bank of New York Mellon ("BONYM") on plaintiff Steven Carver's petition to try title to his Marshfield, Massachusetts home (the "Property"). See September 8, 2016 Memorandum and Order (Docket No. 121) at 16, ¶2. It also granted summary judgment in favor on BONYM's on three out of four counterclaims. See id. ¶3. The court then ordered the parties to file reports addressing the damages due to BONYM on its breach of contract counterclaim. See id. ¶4. The parties filed their reports on September 22, 2016.

In its report, BONYM asserts that it is entitled to recover the outstanding principal on Carver's loan, plus interest,[1] late charges, and advances, less the proceeds from the foreclosure sale. See BONYM Report (Docket No. 124) at 1-3. It further asserts that it is entitled to attorney's fees and costs for both the foreclosure sale and the instant litigation. See id. at 3. In total, BONYM seeks a judgment for a deficiency in the amount of $390,928.60. See id. BONYM also seeks use and occupancy payments from March 2016 to the present, pursuant to the Magistrate Judge's July 29, 2015 Order. See id. at 4.

In his report, Carver argues that BONYM is barred from recovering a deficiency because it failed to comply strictly with Mass. Gen. Laws c. 244, §17B. See Carver Report (Docket No. 125) at 1, ¶2. Specifically, he argues that the affidavit in support of BONYM's notice of intent to seek a deficiency was legally insufficient. See id. at 5, ¶¶11-13. Carver has not addressed whether BONYM is entitled to legal fees or whether he is liable for use and occupancy of the property.

II. DISCUSSION

Mass. Gen. Laws c. 244, §17B provides, in relevant part:

No action for a deficiency shall be brought . . . unless
a notice in writing of the mortgagee's intention to

---

[1] BONYM has calculated interest under the lower rate provided in the April 26, 2011 loan modification, despite the fact that Carver challenged the validity of that modification. See BONYM Report at 1-2; see also September 8, 2016 Memorandum and Order at 12.

2

> foreclose the mortgage has been mailed, postage prepaid, by registered mail with return receipt requested, to the defendant sought to be charged with the deficiency at his last address then known to the mortgagee, together with a warning of liability for the deficiency, in substantially the form below, not less than twenty-one days before the date of the sale under the power in the mortgage, and an affidavit has been signed and sworn to, within thirty days after the foreclosure sale, of the mailing of such notice.

M.G.L. c. 244, §17B. Failure to comply with the notice requirement of §17B prevents a mortgagor from seeking a deficiency, even if the mortgagee had actual notice of the mortgagor's intent to do so. See Bead Portfolio, LLC v. Follayttar, 47 Mass. App. Ct. 533, 535 (1999) (citing Fairhaven Sav. Bank v. Callahan, 391 Mass. 1011, 1011 (1984)).

However, the court has found no decisions holding that failure to comply with the affidavit requirement for §17B bars an action for a deficiency. Indeed, the Supreme Judicial Court of Massachusetts has held, in the context of notice of intent to foreclose under Mass. Gen. Laws c. 244 §14, that:

> [A] deficient affidavit of sale does not void a foreclosure sale or the right to possession. See Burns v. Thayer, 115 Mass. 89, 93 (1874). A deficient affidavit may be cured by extrinsic evidence that the power of sale was exercised properly and the foreclosure was valid. See O'Meara v. Gleason, 246 Mass. 136, 139, 140 N.E. 426 (1923).

Fed. Nat. Mortgage Ass'n v. Hendricks, 463 Mass. 635, 637 (2012). At least one court in this district has applied Hendricks to §17B, concluding that "the timely preparation of a §17B affidavit is not

a condition precedent to a deficiency action, but rather a matter of proof." Santander Bank, Nat. Ass'n v. Sturgis, No. CIV.A. 11-10601-DPW, 2013 WL 6046012, at *10 (D. Mass. Nov. 13, 2013).

The court agrees with the reasoning of Hendricks and Sturgis. Even if BONYM's affidavit is legally insufficient under §17B, that fact does not bar its current action for a deficiency. Accordingly, judgment will be entered for BONYM in the amount of the deficiency.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Judgment shall enter for BONYM in the total amount of $390,928.60.

2. Pursuant to Magistrate Judge Donald Cabell's July 29, 2015 Order (Docket No. 112), Carver shall pay BONMY $10,500.00 for use and occupancy from March 2016 to September 2016. Carver shall continue to pay BONYM $1,500.00 per month, due on the 15th of each month, until he vacates the property.

                                                                           UNITED STATES DISTRICT JUDGE